# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 26-2196; *National Electronic Attachment, Inc. v. Henry Schein One, LLC* |
| **Originating No. & Caption** | 1:25-cv-03246-MJM, *National Electronic Attachment, Inc. v. Henry Schein One, LLC* |
| **Originating Court/Agency** | United States District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1292 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | July 31, 2026 | |
| Date notice of appeal or petition for review filed | August 28, 2026 | |
| If cross appeal, date first appeal filed | August 6, 2026 | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ○ Yes | ◉ No |

If appeal is not from final judgment, why is order appealable?

Appeal is from an order granting a preliminary injunction.

**Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.)

| | | |
|---|---|---|
| Is settlement being discussed? | ◉ Yes | ○ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ◉ Yes | ○ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | 26-2085 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Henry Schein One, LLC ("HSOne") and National Electronic Attachment, Inc. d/b/a Vyne Dental ("Vyne") sell software to dental offices, with HSOne's Dentrix software managing patient data and practice workflows including claim submission while Vyne's software helps facilitate claims submissions and provides certain other dental office functionality. HSOne allows authorized third-parties to interoperate with Dentrix. Vyne is not an authorized third-party. HSOne issued a security update removing Vyne's unauthorized access. Vyne continued to access HSOne systems despite security efforts. Vyne moved for an injunction based on Computer Fraud and Abuse Act ("CFAA") and unfair competition claims. HSOne moved for an injunction based on CFAA, Digital Millennium Copyright Act, trespass to chattels, unfair competition, and wiretapping claims.

The district court found: (1) that Vyne had shown it would succeed on the merits of an unfair competition claim and suffer irreparable harm; (2) HSOne had shown it would succeed on the merits of a CFAA claim and suffer irreparable harm; (3) that a balance of equities and public interest supported both injunctions. The district court wrote in its memorandum opinion, ECF 189 at 94 that: "Vyne shall be enjoined from marketing software capable of write access to Dentrix databases stored or hosted on HSOne's cloud system and Dentrix databases that sync to HSOne's cloud infrastructure. HSOne shall be enjoined from disabling Vyne's software and denying the software printer-driver access to Dentrix databases operating on customers' computers."

The district court's Order, ECF 190, ¶ 8(b), provided a broader injunction against HSOne: "b. Henry Schein One SHALL NOT disable any Vyne Dental software and/or software functions operating on dental practices' computers and SHALL NOTE deny Vyne Dental software printer-driver access to Dentrix databases stored and operating on any dental practice's computers...". HSOne appeals.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

(1) Whether the district court erred in limiting the preliminary injunction against Vyne.

(2) Whether the district court erred in issuing a preliminary injunction against HSOne.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: National Electronic Attachment, Inc.<br><br>Attorney: Daniel Fahrenthold<br>Address: HOLWELL SHUSTER & GOLDBERG LLP<br>14th Floor<br>425 Lexington Avenue<br>New York, NY 10017<br><br>E-mail: dfahrenthold@hsgllp.com<br><br>Phone: Direct: 646-837-5151 | Adverse Party: National Electronic Attachment, Inc.<br><br>Attorney: Vincent Levy<br>Address: HOLWELL SHUSTER & GOLDBERG LLP<br>14th Floor<br>425 Lexington Avenue<br>New York, NY 10017<br><br>E-mail: vlevy@hsgllp.com<br><br>Phone: Direct: 646-837-5151 |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party: National Electronic Attachment, Inc.<br><br>Attorney: Jack L. Millman<br>Address: HOLWELL SHUSTER & GOLDBERG LLP<br>425 Lexington Avenue<br>New York, NY 10017<br><br>E-mail: jmillman@hsgllp.com<br><br>Phone: Direct: 646-837-8629 | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) | |
| --- | --- |
| Name: Henry Schein One, LLC | Name: Henry Schein One, LLC |
| Attorney: Michael Burshteyn<br>Address: BURSHTEYN POLIN LLP<br>1212 Broadway Plaza Ste. 2100<br>Walnut Creek, CA 94596 | Attorney: Jennifer Bartlett<br>Address: GREENBERG TRAURIG, LLP<br>2021 McKinney Avenue Ste. 2000<br>Dallas, TX 75201 |
| E-mail: mike@burshteynpolin.com | E-mail: Jennifer.Bartlett@gtlaw.com |
| Phone: Direct: 925-238-3119 | Phone: Direct: 214-665-3729 |

| **Appellant (continued)** | |
| --- | --- |
| Name: | Name: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

**Signature:** */s/ Michael Burshteyn* **Date:** September 15, 2026

**Counsel for:** Henry Schein One, LLC

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on ____________ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
| --- | --- |
| | |
| Signature: | Date: |